IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PERCIAVALLE, III, | CIVIL ACTION-LAW |
| Plaintiff, | No. 2:20-cv-00474-DSC |
| v. | JUDGE DAVID S. CERCONE |
| CITY OF ALIQUIPPA, ANDREW GALL, ROBERT HEBERLE, DAVID LOZIER, DWAN WALKER and DONALD COUCH, | *Electronically Filed* |
| Defendants. | **JURY TRIAL DEMANDED** |

## MOTION TO DISMISS

AND NOW, come Defendants, ANDREW GALL, ROBERT HEBERLE, and DAVID LOZIER, by and through their undersigned counsel, JonesPassodelis, PLLC, and file the following Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted as follows:

1.      This is a civil rights case brought pursuant to 42 U.S.C. § 1983 alleging violations of Plaintiff's rights under the First and Fourth Amendments to the United States Constitution and a pendent common law cause of action for intentional infliction of emotional distress.

2.      Defendant David Lozier is the District Attorney of Beaver County. Complaint at ¶ 9.

3.      Defendants Andrew Gall and Robert Heberle are detectives employed by the Beaver County District Attorney's Office.  Complaint at ¶¶ 7-9.

4.      As will be detailed in this Motion and in the accompanying Brief in Support, District Attorney Lozier is shielded by the doctrine of absolute prosecutorial immunity from

Plaintiff's claims.   His Detectives are shielded by derivative absolute prosecutorial immunity. District Attorney Lozier is entitled to high public official immunity from Plaintiff's pendent state common law claim for intentional infliction of emotional distress. The Complaint fails to state a prima facie claim of intentional infliction of emotional distress, and fails to state a claim of conspiracy.

5.      Plaintiff's claims arise out of his tenure as a member of the Aliquippa Police Department.

6.      In 2014, Defendant Donald Crouch was promoted to chief of police. *Id*. at ¶ 13. Contemporaneously, Plaintiff was promoted to Assistant Chief. *Id*.

7.      Plaintiff claims began complaining about alleged "corruption" in the Aliquippa Police Department to Defendant Walker, who served as Mayor of Aliquippa. *Id*. at ¶ 14.

8.      The Complaint alleges that in or about March of 2016, Plaintiff made a "good faith report . . . directly to Defendant Lozier" about what Plaintiff perceived as corruption in the Aliquippa police, including allegations about Chief Couch. *Id*. at ¶ 15.

9.      The Complaint alleges that Plaintiff "believes, and therefore avers, that" Mayor Walker, Chief Couch, District Attorney Lozier, and Detectives Gall and Heberle "maintain a close personal friendship." *Id*. at ¶ 20. He believes that either Mayor Walker, or District Attorney Lozier, or both told Chief Couch about Plaintiff's "reports" and "investigation." *Id*. at ¶ 21.

10.      On or about May 10, 2018, Plaintiff sent what the Complaint contends is a "censored video of a woman urinating" to a group of people, one of whom was a seventeen year old girl. *Id*. at ¶ 26.

11.     On or about June 5, 2018, Detective Heberle was examining the girl's phone and found the text and video sent from Plaintiff's phone. *Id*. at ¶ 27.

12.     The Detectives secured a search warrant for Plaintiff's phone.  *Id*. at ¶ 29. The Complaint alleges that the Detectives lacked probable cause to do so, and that the warrant was overly broad.  *Id*. at ¶ 31.

13.     In the course of examining Plaintiff's phone, the Detectives are alleged to have found a conversation Plaintiff had recorded with Chief Couch. *Id*. at ¶ 39.

14.     On or about June 8, 2018, Detectives Gall and/or Heberle charged Plaintiff with "distribution of explicit sex material to a minor, unlawful conduct with a minor and the misdemeanor of corruption of minors." *Id*. at ¶ 35.

15.      On July 10, 2018, Detectives Gall and/or Heberle charged Plaintiff with intercepting communications relating to the recorded conversation with Chief Couch. *Id*. at ¶ 40.

16.     The Complaint alleges that there was a lack of probable cause for any of these charges.

17.     The criminal charges were ultimately nolle prossed or otherwise dismissed.

18.     The Complaint alleges that Plaintiff remains on suspension from the Aliquippa Police Department, which is alleged to be the result of retaliatory conduct of Mayor Walker for plaintiff's alleged reports and investigation regarding former Chief Couch. *Id*. at ¶¶ 51-52.

19.     The Complaint's causes of action against Beaver County Defendants Lozier, Gall and Heberle include federal causes of action for First Amendment retaliation (Count I),

unreasonable search and seizure (Count II), malicious prosecution (Counts III and IV), civil rights conspiracy (Count V), and intentional infliction of emotional distress (Count IX).

20.     District Attorney Lozier is shielded from Plaintiff's federal causes of action by absolute prosecutorial immunity.

21.     This immunity applies to prosecutorial duties that are "intimately associated with the judicial process," such as initiating and pursuing a criminal prosecution.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

22.     What is pertinent is the function or nature of the act which the prosecutor is performing, not his motivation or reason.  *See, e.g., Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992) (dismissing civil rights claim that a district attorney pursued baseless criminal charges for improper political motives).

23.     In analyzing an assertion of absolute prosecutorial immunity, the analysis "'focuses on the unique facts of each case and requires careful dissection of the prosecutor's actions.'" *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (quoting *Odd v. Malone*, 538 F.3d 202, 210 (3d Cir. 2008)).

24.     Here, as is detailed in the accompanying Brief, Plaintiff's federal causes of action against District Attorney Lozier relate to the same alleged actions, including 1.) instructing Detectives Heberle and Gall to file criminal charges against Plaintiff, 2.) instructing them to apply for a warrant for the phone from which the urination video was sent to the seventeen year old girl, 3.) prosecuting Plaintiff, and 4.) conspiring with the other Defendants.

25.     District Attorney Lozier is immune from suit arising out of the initiation of the criminal prosecutions of Plaintiff. "The decision to initiate a prosecution is at the core of a

prosecutor's judicial role.  A prosecutor is absolutely immune when making this decision, even when he acts without a good faith belief that any wrongdoing had occurred." *Kulwicki,* 969 F.2d at 1463.

26.     District Attorney Lozier is immune from suit arising out of an allegation that he instructed his Detectives to file the criminal charges, or an approval of charges filed by them. *See Kulwicki*, 969 F.2d at 1465; *Winston v. Daniels*, No. 1:10–CV–74–SJM, 2011 WL 2680282, at *11 (W.D. Pa. July 8, 2011); *Jaslar v. Zavada*, No. 3:CV–05–2080, 2009 WL 82553, at *1 (M.D. Pa. Jan. 12, 2009).

27.     The filing of charges against Plaintiff is simply incapable of imposing liability on District Attorney Lozier.  All claims based upon the filing of charges are appropriately dismissed.

28.     Similarly, conspiracy claims arising out of these actions are barred by absolute prosecutorial immunity. *See, e.g., Weber v. Erie Cty.*, No. 1:19-00124, 2019 WL 5746204, at *4 (W.D. Pa. Nov. 5, 2019).

29.     Derivative absolute prosecutorial immunity provides that individuals who are employed by a prosecutor to perform investigative tasks that are intimately associated with the judicial phase of the criminal process are shielded by absolute immunity. See, e.g.,  *Gregg v. Pettit*, 2009 WL 57118 (W.D. Pa. Jan. 8, 2009).

30.     Here, the allegations against Detectives Gall and Heberle are identical to those against District Attorney Lozier.  The same analysis as detailed above applies to the claims against the detectives, too, and are barred by the doctrine of derivative absolute prosecutorial immunity.

31.     For these reasons, it is respectfully submitted that District Attorney Lozier and Detectives Gall and Heberle be dismissed from Counts I, III, IV, and V with prejudice.

32.     Even in the absence of this immunity, the Complaint would still fail to state a conspiracy claim upon which relief could be granted.

33.     A conspiracy claim must be based upon more than mere speculation. *Young v. Kahn*, 926 F.2d 1396, 1405 (3rd Cir. 1991); *Williams v. Wettick*, 241 Fed. Appx. 797 (3d. Cir. 2007) (mere claim that Judges Wettick and James conspired to violate plaintiff's rights, without more, could not support a claim upon which relief may be granted).

34.     To state a viable conspiracy claim, a plaintiff must plead "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.' " *Weber v. Erie County*, No. 1:19-00124, 2019 WL 5746204, at *4 (W.D. Pa. Nov. 5, 2019) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556  (2007)).

35.     "Conclusory allegations are not entitled to the presumption of truth that ordinarily is applied during a court's Rule 12(b)(6) review of a complaint."  *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (stating that a conspiracy requires a meeting of the minds). (citing *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2019)).

36.     Here, Plaintiff alleges that all of the named Defendants allegedly wanted to retaliate against Plaintiff for his alleged reports of wrongdoing by former Chief Couch.  The remainder consists of legal conclusions, devoid of any explanation of when, where or how the Defendants purportedly concocted this vast conspiracy against Plaintiff.

37.     There is no dispute that Plaintiff sent a video of a woman urinating.  There is no dispute that it was sent to a 17 year old girl. Law enforcement's interest in his doing so, and the actions that followed, is not demonstrative of a conspiracy.

38.     Accordingly, Plaintiff's speculative conspiracy claim is appropriately dismissed at this time.

39.     The Complaint also asserts a pendent state common law claim for intentional infliction of emotional distress.

40.     High public official immunity acts as a bar to such a claim against District Attorney Lozier.  *Durham v. McElynn*, 772 A.2d 68, 69 (Pa. 2001).

41.     Even in the absence of an immunity defense, the pendent intentional infliction of emotional distress claim also fails on its merits.

42.     To plead an intentional infliction of emotional distress claim, a plaintiff must present competent, objective expert testimony that she is suffering from severe emotional distress. *See Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987).

WHEREFORE, Defendants, ANDREW GALL, ROBERT HEBERLE and DAVID LOZIER, respectfully request that the Court grant their Motion and dismiss them from Plaintiff's claims of First Amendment retaliation (Count I), unreasonable search and seizure (Count II), malicious prosecution (Counts III and IV), civil rights conspiracy (Count V), and intentional infliction of emotional distress (Count IX).

**JURY TRIAL DEMANDED**

JONESPASSODELIS, PLLC


By:   s/Michael R. Lettrich
       MICHAEL R. LETTRICH, Esquire
       PA I.D. #80635
       E-Mail: mlettrich@jonespassodelis.com

       MARIE MILIE JONES, Esquire
       PA I.D. #49711
       E-Mail: mjones@jonespassodelis.com

       Gulf Tower, Suite 3410
       707 Grant Street
       Pittsburgh, PA  15219
       Phone: (412) 315-7272
       Fax: (412) 315-7273

       Counsel for Defendants,
       ANDREW GALL, ROBERT HEBERLE and
       DAVID LOZIER

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

document has been forwarded to counsel of record by:

_____   U.S. First Class Mail, Postage Paid

_____   Hand Delivery

_____   Certified Mail, Return Receipt Requested

_____   Facsimile Transmittal

_____   UPS Delivery

\_\_X\_\_   Electronic Filing/Service

at the following address:

Joel S. Sansone, Esquire
Law Offices of Joel Sansone
603 Stanwix Street, Suite 1290
Two Gateway Center
Pittsburgh, PA 15222
*(Counsel for Plaintiff)*

Teresa O. Sirianni, Esquire
Marshall Dennehey Warner Coleman & Goggin
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
*(Counsel for Defendants, City of Aliquippa and Dwan Walker)*

Eric N. Anderson, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck, PLLC
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
*(Counsel for Defendant, Donald Couch)*

JONESPASSODELIS, PLLC

Date: June 8, 2020

 s/Michael R. Lettrich
MICHAEL R. LETTRICH, Esquire
MARIE MILIE JONES, Esquire

Counsel for Defendants,
ANDREW GALL, ROBERT HEBERLE and
DAVID LOZIER

{W0190612.1}