IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PERCIAVALLE, III,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF ALIQUIPPA, *et al,*<br><br>*Defendants.* | Civil Action No. 2:20-cv-474<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, District Judge.

Plaintiff, Joseph Perciavalle III ("Perciavalle"), a City of Aliquippa police officer, filed this action on April 2, 2020. (ECF No. 1). He then filed an Amended Complaint on July 10, 2020 (ECF No. 27), which was followed by a Second Amended Complaint on August 10, 2020 (ECF No. 44). On September 30, 2020, he filed a Third Amended Complaint. (ECF No. 63). The Defendants that remain in the case, City of Aliquippa and Dwan Walker ("Walker"), filed a Motion to Dismiss Perciavalle's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 14, 2020 along with a supporting brief. (ECF Nos. 70 and 71). The matter was reassigned to the Court on November 25, 2020. Briefing has concluded, and Defendants' motion is ripe for disposition. Defendants' motion will be granted.

### I.   STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Marcy Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

## II.   FACTUAL BACKGROUND

In 2011, Perciavalle became employed by the City of Aliquippa as a police officer. In 2014, he was promoted to Assistant Chief. (ECF No. 63, ¶¶ 8-9). In 2015, he began making "complaints" to Walker and "various other city council members about wrongdoing within Defendant Aliquippa's police department, including, but not limited to, wrongdoing committed by Chief Couch." (ECF No. 63, ¶ 10). Perciavalle also made similar "complaints" to other law enforcement agencies. The "complaints" related to "corruption" with the City of Aliquippa police department, including the "mismanagement of departmental funds and/or additional illegalities committed by various individuals, including Chief Couch." (ECF No. 63, ¶¶ 11-14). In March of 2016, Perciavalle made a report of wrongdoing by Chief Couch (i.e., "mismanagement of departmental funds/ and or additional illegalities") to the Beaver County District Attorney as well as "to various individuals and/or agencies." (ECF No. 63, ¶¶ 15-17). In the following months, Perciavalle had discussions with District Attorney Lozier "relating to the wrongdoing taking place" within the police department and "various ongoing investigations." (ECF No. 63, ¶¶ 18-19).

On June 6, 2018, Chief Couch was removed from his position and placed on administrative leave. Perciavalle was appointed Acting Chief. Two days later, Perciavalle was charged with various criminal offenses and removed from his position and placed on paid administrative leave. On July 10, 2018, Perciavalle was charged with an additional criminal offense. The felony charges against Perciavalle - distribution of explicit sex materials to a minor and unlawful contact with a minor - were dismissed at his December 4, 2018 preliminary hearing. On July 25, 2019, the felony charge of intercepting communications against him was *nolle prossed*. On March 13, 2019, Perciavalle's remaining criminal charge – corruption of minors – was *nolle prossed*. (ECF No. 63, ¶¶ 20-26).

In March of 2020, Perciavalle, who remained on administrative leave, made "yet another good faith report of ongoing wrongdoing within Defendant Aliquippa's police department" to members of the City of Aliquippa's council and "various individuals and/or agencies." (ECF No. 63, ¶¶ 27-28). These "complaints" related to "corruption" within the City of Aliquippa police department, including the "mismanagement of departmental funds and/or additional illegalities committed by various individuals, including Chief Couch." (ECF No. 63, ¶ 29). Perciavalle "believes, and therefore avers, that a member and/or members of Defendant Aliquippa's council reported [his] complaint to Defendant Walker." (ECF No. 63, ¶ 30). Walker allegedly responded to these individuals, "No, you're chasing [Perciavalle's] waterfalls again." (ECF No. 63, ¶ 30).

Perciavalle was not permitted to return to his position as a police officer. City of Aliquippa's reason for not doing so was "[Perciavalle's] dissemination of allegedly inappropriate materials in the workplace, as well as allegedly inappropriate interactions with coworkers." The inappropriate materials consisted of lewd text messages, crude drawings, and off-color memos.

3

The inappropriate interactions consisted of conversations with other officers, one of which involved Perciavalle calling another officer rude names. Perciavalle alleges that five other officers "engaged in the same or substantially similar conduct" and were not disciplined. (ECF No. 63, ¶¶ 31-35).

Since he filed this action, Perciavalle alleges that "Walker has indicated to various members of [Perciavalle's] community that he would not return [Perciavalle] to his position as a law enforcement officer [. . .] as a direct result of his pending lawsuit." Perciavalle "believes, and therefore avers," that Walker, "in his capacity as mayor," refuses to return him to his position in retaliation for his reports of "ongoing wrongdoing" within the police department and/or in retaliation for the filing of the instant lawsuit. He further alleges that in June of 2020, Walker "indicated to various members of [Perciavalle's] community that [Perciavalle] was a 'pervert' and that [Perciavalle] had 'slipped through the cracks' when the criminal charges against him were *nolle prossed.*" (ECF No. 63, ¶¶ 37-40).

### III. ANALYSIS

#### A. *42 U.S.C. § 1983 claims – Counts I through IV*

42 U.S.C. § 1983 provides a cause of action against any person who, acting under the color of state law, deprives another of his or her federal rights, and, under certain circumstances, the municipal employer and/or supervisor of such a person. To obtain relief under § 1983, a plaintiff must make a two-prong showing: (1) that he suffered a violation of a right secured by the Constitution and laws of the United States; and, (2) that the alleged deprivation was committed by a person acting under the color of state law. *See Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (citations omitted).

### *1. The claims against Walker at Counts I and II and City of Aliquippa at Counts I, II and III are dismissed without prejudice.*

In Counts I and II, Perciavalle sued Walker in his individual capacity[1] and the City of Aliquippa. Count III is Perciavalle's municipal liability claim against the City of Aliquippa. Count I alleges First Amendment Retaliation based upon Perciavalle's "numerous reports of wrongdoing within Defendant Aliquippa's police department." (ECF No. 63, ¶ 48). It is alleged that Walker, "a decision-maker for Defendant Aliquippa in his capacity as mayor of Defendant Aliquippa" "prohibited" Perciavalle from returning to his position as a law enforcement officer for exercising his right to freedom of speech. (ECF No. 63, ¶¶ 49-50). Count II alleges First Amendment Retaliation based on the filing of the instant lawsuit. (ECF No. 63, ¶ 57). It is alleged that Walker, "a decision-maker for Defendant Aliquippa in his capacity as mayor of Defendant Aliquippa" "prohibited" Perciavalle from returning to his position as a law enforcement officer for exercising his right to freedom of speech. (ECF No. 63, ¶¶ 58-59). In his briefing to the Court, Perciavalle emphasizes that his complaints of wrongdoing within the police department were made as a private citizen even though they involved the subject matter of his employment. (ECF No. 75, pp. 4-5).

---

[1] Walker was the elected mayor of the City of Aliquippa at the time of the events recounted in the Third Amended Complaint. Individual capacity claims under section 1983 "seek to recover money from a government official, as an individual, for acts performed under color of state law." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988). To plead a sufficient civil rights claim against a defendant in his individual capacity, a plaintiff must show that the defendant had "personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellariciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)); *see also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (dismissing claims against Attorney General for failing to describe his personal involvement). Personal involvement can be shown by alleging either personal direction or actual knowledge of and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. *Id.*

The basic principles of First Amendment retaliation are well established. "Official reprisal for protected speech offends the Constitution [because] it threatens to inhibit exercise of the protected right." *Mirabella v. Villard*, 853 F.3d 641, 649 (3d Cir. 2017) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)) (alteration in original) (internal quotations omitted). "[T]o plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). "The key question in determining whether a cognizable First Amendment claim has been stated is whether the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Id.* (citing *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) (internal quotation marks omitted)); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10 (1998) ("The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of [a constitutionally] protected right."). The third element, "a causal link," requires "but-for" causation. *Mirabella*, 853 F.3d at 651. "In order to establish the required causal connection, a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Rink v. Ne. Educ. Intermediate Unit 19*, 717 F. App'x 126, 133 (3d Cir. 2017) (citation omitted).

The facts pled in support of Perciavalle's claims are scant and, therefore, it is difficult to ascertain exactly what constitutionally protected speech is at issue. Nevertheless, assuming Perciavalle's "complaints" about the City of Aliquippa's police department are entitled to

protection under the First Amendment, his attempt to plead a retaliation claim against Walker in his individual capacity falls short. There are no specific facts pled in the Third Amended Complaint that Walker committed any specific affirmative acts so as to violate Perciavalle's First Amendment rights. It is completely unclear as to when or exactly how Walker "prohibited" Perciavalle from being reinstated to his position as a City of Aliquippa police officer. As pled, Walker committed no specific retaliatory affirmative acts against Perciavalle, and Perciavalle's claims against Walker are purely speculative. While Perciavalle does not have to prove his claims in the Third Amended Complaint, his cause of action cannot be premised on mere speculation. Counts I and II against Walker in his individual capacity are dismissed without prejudice for failure to state a claim. Perciavalle will be given one last chance to amend Counts I and II against Walker.

Perciavalle's First Amendment retaliation claims against the City of Aliquippa are also inadequately pled. A municipal entity cannot be held liable pursuant to § 1983 under the theory of *respondeat superior*. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 691 (1978). "[I]t is when execution of a [municipality's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Municipal entities may only be held liable under § 1983 on (1) an express municipal policy, such as an ordinance, regulation, or policy statement, *see Monell*, 436 U.S. at 694, (2) a "widespread practice, that although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law," *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)), or (3) the decision of a person with "final policymaking authority." *See*

*Praprotnik*, 485 U.S. at 123; *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986). A municipality may be held liable under § 1983 only when the enforcement of the municipal policy or practice was the "moving force" behind the violation of a plaintiff's federal protected right. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 400 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

Since Perciavalle failed to state a cognizable First Amendment retaliation claim against Walker, his *Monell* claim fails as a matter of law. There is no viable *Monell* claim as no violation of a constitutional right has been plausibly pled. *See Deninno v. Municipality of Penn Hills*, 269 F. App'x 153, 158 (3d Cir. 2008) ("Even more fundamentally, there can be no municipal liability here because we have determined that none of the individual Defendants violated the Constitution.") (citations omitted).

Even if Perciavalle had properly alleged First Amendment retaliation claims, his allegations fall short of containing any of the necessary elements of a *Monell* claim against the City of Aliquippa. The *Monell* claims, as pled in the Third Amended Complaint, are confusing. In his response to the City of Aliquippa's motion, Perciavalle submits "Plaintiff clearly pled that Defendant Walker, as mayor (and *de facto* head of Defendant Aliquippa's police department), acted as a decision maker with final authority to discipline municipal employees when he refused to return Plaintiff to his position as a law enforcement officer for Defendant Aliquippa." (ECF No. 75, p. 10). The Court acknowledges that it is possible to find the existence of a municipal policy in "the isolated decision of an executive municipal policymaker." *City of St. Louis*, 485 U.S. at 139. However, nothing about Perciavalle's claims at Counts I and II are "clearly pled" *Monell* claims. His *Monell* claims fail because they do not identify any particular or specific policy or custom and how the City of Aliquippa and/or Walker allowed the claimed

constitutional violations to occur (or possessed notice through a pattern of similar constitutional violations). Aside from dubbing Walker a "policy maker," the allegations fail to link an offending policy or custom to him or sufficiently articulate the specifics of a deliberate decision made by Walker. Perciavalle's claims fail to satisfy the pleading requirements for municipal liability. Accordingly, Counts I, II and III against the City of Aliquippa are dismissed without prejudice for Perciavalle to amend them one last time.

### 2. *Count IV against Defendants is dismissed without prejudice.*

Because the Court is permitting Perciavalle to amend Counts I, II and III, it will also permit him to amend Count IV, "Equal Protection – Class of One." In response to Defendants' argument that a Class of One Theory is inapplicable in the public employment context and that Perciavalle's allegations fail to provide sufficient factual information demonstrating differential treatment from similarly situated individuals (ECF No. 71, pp. 8-12), Perciavalle altered his theory of liability in his response to Defendants' motion to be that of selective enforcement (ECF No. 75, pp. 7-9). While a response to a motion to dismiss is an inappropriate method to amend a claim, the Court will nonetheless permit Perciavalle to amend Count IV through the filing of a Fourth Amended Complaint to set forth a viable selective treatment claim. As it is currently pled, Perciavalle has set forth nothing but mere conclusory contentions. While he refers to five individuals "who engaged in the same or substantially similar conduct," but were not disciplined, Perciavalle has failed to identify the specific actions taken by these individuals – i.e., the nature of their statements and/or conduct and the resulting disciplinary action. Count IV will be dismissed without prejudice, and Perciavalle will be given one last chance to amend Count IV against Defendants.

### 3. *The official capacity claims against Walker at Counts I, II and IV are dismissed with prejudice.*

The Court will dismiss the official capacity claims against Walker at Counts I, II and IV with prejudice because Perciavalle has also sued the City of Aliquippa. The law is well-settled that where, as here, the appropriate governmental unit is identified as a defendant, official-capacity suits should be dismissed as redundant. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). *See also Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988) (claims, insofar as they are against the defendant officials in their official capacities, are a duplication of the counts asserted against the Township itself); *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006) (affirming dismissal "against the officers in their official capacities because a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them"). Such claims "'generally represent only another way of pleading an action against an entity of which an officer is an agent,' *Monell*, 436 U.S. at 690 n.55. 'As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'[ ] It follows therefore that the claims here, insofar as they are against the defendant officials in their official capacities, are only a duplication of the [claims] asserted against the [County] itself." *Gregory*, 843 F.2d at 120. *See also Brice v. City of York*, 528 F. Supp. 2d 504, 516 n.19 (M.D. Pa. 2007) (claims against state officials in their official capacities merge as a matter of law with the municipality that employs them). A judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents[.]" *Brandon v. Holt*, 469 U.S. 464, 471 (1985).

Accordingly, because the City of Aliquippa is named as a defendant in this action, Perciavalle's official-capacity claims against Walker will be dismissed. Although a court should, generally, give a plaintiff in an action under Section 1983 leave to amend, it is not necessary

where amendment would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d. Cir. 2008). Here, no amendment will be able to cure the defect in Perciavalle's claims against Walker in his official capacity. As such, the official capacity claims against Walker at Counts I, II and IV are dismissed with prejudice.

### B. Pennsylvania tort claims – Counts V through VII

As the Court has dismissed all of Perciavalle's federal claims, it declines to exercise supplemental jurisdiction over his Pennsylvania tort claims. 28 U.S.C. § 1367(a). There are no "extraordinary circumstances" which warrant the exercise of jurisdiction. Counts V through VII will be dismissed. Perciavalle may, of course, reassert them if he files a Fourth Amended Complaint.

### IV.   CONCLUSION

By Order of Court to follow, Defendants' Motion to Dismiss will be granted for the foregoing reasons of law and fact. Perciavalle will be afforded twenty-one days to file a Fourth Amended Complaint as to those counts that will be dismissed without prejudice.

BY THE COURT:

*/s/ William S. Stickman IV*

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

1/27/21
Dated